### HOOVEN, OWENS, RENTSCHLER CO. et al. v. ROYAL INDEMNITY CO.

#### No. 69 Civ.

District Court, S. D. Ohio, W. D.

Dec. 17, 1940.

Taft, Stettinius & Hollister, of Cincinnati, Ohio, for plaintiffs.

Dolle, O'Donnell & Cash, of Cincinnati, Ohio, for defendant.

L. Calvin Crawford, U. S. Atty., of Dayton, Ohio, for United States.

NEVIN, District Judge.

On February 6, 1940, plaintiffs filed their second amended complaint against defendant herein, praying for judgment in the sum of $227,493.90.

All counsel agreeing, it was ordered by the court on February 16, 1940 (order filed February 19, 1940) that "the defendants be and they are hereby allowed an additional ten (10) days within which to plead to the second amended complaint entered February 6, 1940."

On February 26, 1940, defendant filed a motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

On February 27, 1940, plaintiffs filed a document entitled "Motion to require defendant to answer." This motion reads as follows:

"Now come the plaintiffs and move the court for an order directing the defendant to file its answer herein at or before the hearing on the defendant's motion for summary judgment.

"The grounds for such motion are that the defendant is in default for answer, and that: (1) this defendant should not be permitted to enjoy the benefits of the summary judgment procedure provided in Federal Rule 56 so long as it is in default under Federal Rules 12 and 6(b), and under a previous order of this court; and (2) the defenses of lapse of time and of illegality, which are the sole grounds of the defendant's motion for summary judgment, by an express provision of the Federal Rules, Rule 8(c), can only be invoked ·by answer. Any hearing on the defendant's motion will therefore accomplish nothing of substance unless and until an answer duly invoking such defenses has been filed."

Plaintiffs submit that "The filing of such a motion (for summary judgment) does not extend or in any way affect the time for answering. Rule 12(a), which prescribes the time within which an answer must be filed, provides that 'The service of any motion provided for in this rule alters the time fixed by these rules for serving any required responsive pleading * * *'. A motion for summary judgment is not 'provided for in this rule', but in Rule 56, as already stated.

"Therefore the defendants answer was due on February 26, and the defendant is now in default."

Defendant, on the other hand, in its brief, makes the following statement and assertion:

"This cause is presented to the court by way of two distinct motions for summary judgment. One relates to the claim made with reference to Engine No. 6203 in Paragraph 7 of the second amended complaint. The other is directed to the entire cause of action.

"It is contended that the motion directed to the complaint about Engine No. 6203 is premature inasmuch as it relates to lapse of time which, counsel says, must be affirmatively pleaded by answer. This argument results from a misconception of the nature of the grounds of the motion for summary judgment. Defendant does not rely on a statutory limitation but rather a contractual one, which is a condition precedent to the maintenance of the action. Rule 8(c) requires only that in pleading to a preceding pleading, a party shall set forth affirmatively any defense based upon the statute of limitations. Rule 12(b) permits the failure to state a cause of action to be reached by motion. The failure of the plaintiffs to institute an action with the fourteen months' period named in Condition 10 of the policy is a defect in the cause of action itself. * * *

"It is claimed that a motion for summary judgment, based upon the illegality of the alleged cause of action, does not lie under the provisions of Rule 8(c). Rule 8(c) merely requires that affirmative defenses must be pleaded, and in that respect it is no different than the Ohio procedure to which we are accustomed but, in a case such as that presented here where the facts showing the illegal nature of the

alleged contract are patent and undenied, it whould be sheer folly to require the defendant to go through the forms of pleading before deciding this issue which is before the court."

In their brief, counsel for plaintiffs state that "plaintiffs do not object to the filing of a motion for summary judgment at this time, but assert that in the interests of expedition, orderly procedure and justice the court should not hear the defendant's motion until the defendant has cured its default by filing its answer."

The court is inclined to agree with the view as here expressed on behalf of plaintiffs. Should the motion filed on behalf of plaintiffs be overruled, the question raised by it would continue to lurk throughout the case.

Plaintiffs insist that "until an answer has been filed such a motion for summary judgment is a useless gesture which cannot lawfully be granted by the court, and which will produce nothing of substantial benefit to either party."

They concede, however, that "Once an answer has been filed, duly invoking these defenses, a motion for summary judgment based upon such defenses can be entertained by the court."

Without meaning to establish a precedent, but solely for the purpose in this case of removing any questions other than those raised by the motion for summary judgment, the court sustains the motion filed on behalf of plaintiffs to require defendant to answer.

When an answer has been filed defendant, if it so wishes, may re-file its motion for summary judgment, or, if it wishes to re-draft its motion in the light of the pleadings as they will exist after an answer has been filed, it may withdraw the present motion and file the motion in its re-drafted form.

It is the view of the court that this course will, in the end, expedite the disposition of the cause and remove from the case any further need for a consideration at some future time of the question presented by the motion filed on behalf of plaintiffs. Any further disposition of the motion for summary judgment will await the filing of the answer, and action subsequent thereto on behalf of defendant.

Counsel may prepare and submit an order in accordance with the ruling of the court.