### POE et al. v. CRISTINA COPPER MINES, Inc.

### Civ.A.No. 1550.

United States District Court
D. Delaware.

Oct. 1, 1953.

James L. Latchum, Wilmington, Del., Berl Potter & Anderson, Wilmington, Del., for plaintiffs.

George T. Coulson, Wilmington, Del., Morris Steel Nichols & Arsht, Wilmington, Del., for defendant.

RODNEY, District Judge.

Motion by defendant to extend time for filing an answer until ten days after disposition of motion for summary judgment.

In this case complaint was filed July 6, 1953. It alleged that in the spring of 1950 the defendant engaged the plaintiff to perform some specific professional service for a retainer of $1,000 and a per diem payment with disbursements amounting to a jurisdictional amount. The complaint alleges performance and nonpayment.

The time to answer was, by stipulation, extended several times, expiring on September 17, 1953. On August 26, 1953 a motion for summary judgment accompanied with an affidavit was filed by defendant under Rule 56, Fed.Rules Civ. Proc. 28 U.S.C. and before answer. On September 15, 1953 defendant filed a motion to extend time of answer until ten days after disposition of motion for summary judgment. This was resisted by plaintiff and for the consideration of pending motion the time for filing the answer was extended to October 15, 1953.

The question is whether under a motion for summary judgment prior to answer under Rule 56 the filing of the answer is postponed until disposition of the motion, either as a matter of right or should be allowed as a matter of judicial discretion.

The question of postponement of filing responsive pleadings until disposition of pending motions is largely governed by Rule 12 which only specifically applies to motions under that Rule. Each motion filed under that Rule, with the possible exception of a motion under Rule 12(b) (6) under certain circumstances is dispositive of the action. If the court grants the indicated motion, of course, no responsive pleading is necessary. If the court denies the motion, then the Rule itself extends the time for further proceedings until ten days after notice of the court's action. A motion under Rule 12(b) (6), if matters outside the record are presented and not excluded,

is treated and disposed of as a motion for summary judgment.

Under Rule 56 there is no express extension of time for filing responsive pleadings until the disposition of the motion for summary judgment. Under Rule 56 a defending party may file motion for summary judgment "at any time", which includes the time before answer.

Many reasons exist for the postponement of the responsive pleading until the determination of a motion for summary judgment which will be entirely dispositive of the action, if the Rules are construed as required by Rule 1 to "secure the just, speedy, and inexpensive determination of every action." There seems little reason to require a long, burdensome and expensive investigation to file an answer when the contents of the answer may be entirely useless by reason of the dispositive nature of the action on the motion.

On the other hand, the Rules do not specifically provide for the extension of time under Rule 56 as they specifically do for motions under Rule 12. It would have been very easy for the rule makers to have done so.

█ I think the extension of time to file a responsive pleading until determination of a motion for summary judgment under Rule 56 is not a definite and fixed right but a matter to be granted or denied under Rule 6(b) from a consideration of all the circumstances. The extension is for the benefit of the answering party so that his time, efforts and charges may not be vainly expended. Of course, if the pleadings, affidavits or other matters to be considered show that the answer would not be of moment, then the answer may not be required. This was the holding, where a full release was the subject matter of motions for summary judgment, in Miller v. Hoffman, D.C., 1 F.R.D. 290.

With no desire or intention in any way to prejudge the hearing of the motion for summary judgment, it is necessary to see if the motion itself is necessarily dispositive of the entire matter.

The complaint alleges a contract in 1950 for the rendition of professional services for a consideration partly fixed and partly on a per diem basis; that the services were rendered and not paid for.

The motion for summary judgment merely says that the alleged agreement was "not in writing and for a remuneration fixed at a definite amount; accordingly, the alleged agreement, if any, is and was at all material times unauthorized and known to be such by the plaintiffs and could not subject defendant to liability."

The affidavit filed in support of the motion merely states that no written agreement exists "for a remuneration fixed at a definite amount to perform legal services in connection with a registration of a stock issue of defendant with the Security & Exchange Commission." The affidavit appends a copy of the minutes of the Board of Directors of the defendant dated September 14, 1948.

At this time and in view of the motion and only affidavit now filed, it does not appear beyond doubt that the plaintiff might not recover upon some theory of the case, e. g., including a failure to prove a valid express contract and recovery in the nature of a quantum meruit.[1]

The plaintiff places some reliance on Hooven, Owens, Rentschler Co. v. Royal Indemnity Co., D.C., 1 F.R.D. 526, where a motion for summary judgment was filed before answer and the court required answer before disposing of the motion for summary judgment. The case is somewhat difficult to understand[2]

1. See 5 Am.Jur. p. 367.
2. This is shown by the differences in the headnote syllabi in two separate reports,

viz., 1 F.R.D. 526 and 4 Fed.Rules Serv. 56(a) (3) Case 1.

but adds little to the solution of the present difficulties.

Normally affirmative defenses must be made under Rule 8(c). While under certain circumstances affirmative defenses may be otherwise presented, this seems not to be a case allowing such alternative procedure.

Rule 12(a) presents the normal time of making answer and of certain extensions. Rule 6(b) provides for enlargement of time in certain cases by the court for "cause shown." This I think is the equivalent of "good cause shown."

Believing that no good cause is here shown for the postponement of the filing of the answer until the disposition of the motion for summary judgment, I deny the motion of the defendant and the answer will be due on or before October 15, 1953.

An appropriate order may be submitted.