UNITED STATES of America,
Plaintiff,

v.

John Randolph HOPKINS, Connecticut General Life Insurance Company, Natcon Chemical Co., Inc. and Rio Chemical Co., Inc., Defendants.

United States District Court
S. D. New York.

Dec. 29, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City, for plaintiff, Myron J. Wiess, Asst. U. S. Atty., New York City, of counsel.

Casey, Lane & Mittendorf, New York City, for defendant Connecticut Gen. Life Ins. Co.

Henry Klein, New York City, for defendants Natcon Chemical Co., Inc. and Rio Chemical Co., Inc.

DIMOCK, District Judge.

The Government moves pursuant to Rule 55(b), F.R.Civ.P., for a partial judgment by default against defendant-

taxpayer John Randolph Hopkins enforcing the tax liens asserted in this action brought under section 1655 of title 28 U.S.Code. The Government further moves for summary judgment foreclosing a tax lien on the cash surrender value of an insurance policy issued to Hopkins by defendant Connecticut General Life Insurance Company (hereinafter referred to as "Connecticut General") and for summary judgment foreclosing a tax lien on royalties due and to become due to Hopkins from defendant Rio Chemical Co., Inc. (hereinafter referred to as "Rio Chemical").

Defendant Natcon Chemical Co., Inc. cross-moves for summary judgment dismissing on the merits the Government's action against it on the ground that Hopkins owns no right to receive royalty payments from Natcon Chemical Co., Inc. The Government does not oppose this cross-motion and it is granted.

The Government seeks a partial default judgment enforcing tax assessments against Hopkins for the years 1943 through 1949, the unpaid balance of which amounts to $1,076,623.07. Rio Chemical held, as of June 30, 1960, royalties in the sum of $2,039.89 which it owed to Hopkins. The royalties continue to accumulate at the rate of one-fourth of ten per cent of the gross amount of the annual sales of the products covered by the royalty agreement. The cash surrender value of the life insurance policy issued to Hopkins by Connecticut General amounted to $21,410.31, as of December 6, 1960, and is being applied to extended insurance coverage on Hopkins' life, by reason of a default in payment of premiums.

Defendant Connecticut General makes three points: (a) that Hopkins was incompetent at the time of the alleged beginning of the suit and that the court has obtained no jurisdiction under section 1655; (b) that no property of the taxpayer, or to which he has any right, title or interest is in the possession or under the control of defendant Connecticut General; and (c) that, if it be assumed that the taxpayer's rights under the policy are property in defendant Connecticut General's possession, such property is not located within this district or partly within this district and partly within another so as to be subject to a lien foreclosure action in which service may be made upon absent defendants under section 1655 of title 28 U.S.Code.

Section 1655 of title 28 U.S.Code, under which the action is brought reads as follows:

"§ 1655. Lien enforcement; absent defendants

"In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

"If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

"Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and per-

mit such defendant to plead on payment of such costs as the court deems just."

In an attempt to begin this action, the Government served Hopkins by publication pursuant to court order dated June 19, 1959. The Government sought to sustain service by publication under section 1655 of title 28 U.S.Code, alleging that Hopkins' whereabouts were unknown and that he was a fugitive from justice, having been criminally indicted in this district for income tax evasion on June 19, 1956. Subsequently, the Government alleged that Hopkins had been apprehended and incarcerated in New Mexico and obtained a court order pursuant to section 1655 of title 28 U.S. Code, authorizing personal service on him outside the State of New York. Personal service of the second supplemental summons and second amended complaint was made on Hopkins at the New Mexico State Hospital on January 12, 1960. Hopkins has not appeared in this action.

While awaiting trial for income tax evasion for the years 1950 and 1951, Hopkins was, on October 28, 1960, committed by the District Court in New Mexico to the New Mexico State Hospital. During confinement in the hospital, Hopkins received a battery of psychological tests and was observed by psychiatrists. An affidavit by Albert E. Ball, Medical Administrative Assistant at the New Mexico State Hospital, states that the staff at the hospital concluded, on the basis of the tests and observation, that Hopkins was mentally competent and consequently returned him to jail. On March 25, 1960, Hopkins pleaded nolo contendere to the charged violations of section 145(b) of title 26 U.S.Code. The New Mexico District Court then proceeded under 18 U. S.C. § 4208(b) and (c), and committed Hopkins for further psychiatric and psychological observation and examination to the Medical Center for Federal Prisoners at Springfield, Missouri. The court suspended sentence on August 18, 1960, and placed Hopkins on probation for a term of five years. While the District Court in New Mexico refused to forward to the Government a copy of the Springfield mental report on Hopkins, it did furnish minutes of the sentencing hearing. The judge who imposed sentence noted that the "voluminous report" he had received from Springfield indicated that Hopkins had been suffering from a "mental illness for many years", and that he is afflicted with "schizophrenic reaction", and "a chronic undifferentiated behavior".

■■ At the outset, it must be determined whether this court has acquired such jurisdiction over Hopkins as would authorize it to grant judgment by default against him enforcing the tax liens in issue. The existence of such jurisdiction has been adequately established. Hopkins was initially served by publication because this was the only practicable course. Once Hopkins' whereabouts became known to the Government, he was also served personally. If Hopkins was mentally incompetent when the action was begun the court is without jurisdiction over him. Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021. The conclusion of his mental competence is, however, justified in the light of his criminal conviction and sentencing within a year after service in this action and after thorough psychiatric and psychological examination. Similarly, the conclusion is also justified, barring new evidence to the contrary, that Hopkins will be mentally competent at the time default judgment is entered, thereby satisfying the requirement of Rule 55(b), F.R.Civ.P.

■ The next item for inquiry concerns whether liens, enforceable in this action, attached to Hopkins' property or right to property. There can be no doubt that a lien attached to the right to royalties which Rio Chemical owed Hopkins. Since Rio Chemical is incorporated in New York, the situs of the royalties is within the district of this court and the lien on them can here be enforced.

■■ As to the life insurance policy issued to Hopkins by Connecticut General, I conclude that the Government has an enforceable lien on the cash surrender

value of that policy. Here, as in United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, the insured retained the right until his death to change the beneficiary of his policy, to draw down or borrow against its cash surrender value and to assign the policy. In light of the Bess decision, and of United States v. Behrens, 2 Cir., 230 F.2d 504, the argument is untenable that the insured's election to take the cash surrender value is a condition precedent to the creation of any property or right to property in the cash surrender value against which attachment may be enforced. In the Bess and Behrens decisions, a lien which was perfected prior to the insured's death was enforced against the cash surrender value after his death, despite the insured's non-election of the cash surrender value, and indeed after the policy proceeds had gone to the beneficiary. Surely, then, such a lien may be enforced in the present action where the insured still lives but is not within the physical power of the court. The only possible distinction is that a non-electing insured who is still alive may subject the insurance company to the danger of double liability, but, as the court held in United States v. Metropolitan Life Ins. Co., 4 Cir., 256 F.2d 17, 25, on facts similar to those before me, "a decree of the court directing that the cash surrender value of the policies be paid to the United States will protect the insurance companies from further liability under the policies."

 The insurer next argues that even if the court finds that the insured's right under the policy is property against which the lien can be enforced such property is not located within the district of this court, as required by section 1655 of title 28 U.S.Code. The situs of the property, the argument proceeds, is at the treasury of the insurer, that is, its home office, which is outside this district. But it is far more reasonable to suppose that since the cash surrender value is not maintained as a separate res, its situs can be said to be wherever the insurer is present. The lien may therefore be

enforced in this district, where the insurer is authorized to do business. See United States v. Metropolitan Life Ins. Co., 4 Cir., 256 F.2d 17, 24, supra.

The Government's motions for a partial judgment on default against John Randolph Hopkins and for summary judgments against Rio Chemical Co., Inc. and Connecticut General Life Insurance Company are granted.

The cross-motion for summary judgment of Natcon Chemical Co., Inc. is also granted.

Settle order on notice.