UNITED STATES of America,
Plaintiff,

v.

McFADDIN EXPRESS, INC., New Haven
Board and Carton Co., Frank Rubino,
Adley Express Co., Inc., Gulf Oil Cor-
poration, Tire Service and Sales Incor-
porated, Defendants.

Civ. No. 8527.

United States District Court
D. Connecticut.

July 8, 1961.

Harry W. Hultgren, Jr., U. S. Atty.,
Hartford, Conn., Henry C. Stone, Asst.
U. S. Atty., Hartford, Conn., for plain-
tiff.

Morton Weiss, Bridgeport, Conn., for
defendants McFaddin Express, Inc. and
Adley Express Co., Inc.

William R. Murphy of Gumbart, Cor-
bin, Tyler & Cooper, New Haven, Conn.,

for defendant New Haven Board and
Carton Co.

Rocco R. P. Perna, Greenwich, Conn.,
for defendant Frank Rubino.

Lander, Greenfield, Markle & Krick,
New Haven, Conn., for defendant Gulf
Oil Corporation.

James J. Gentile, Bridgeport, Conn.,
for defendant Tire Service and Sales, In-
corporated.

TIMBERS, District Judge.

Plaintiff moves, pursuant to Rule 56,
Fed.R.Civ.P., 28 U.S.C.A., for summary
judgment.

The action is brought by the United
States to enforce a tax lien and to sub-
ject property to the payment of tax. Int.
Rev.Code of 1954, §§ 7403, 6321; 26 U.
S.C. §§ 7403, 6321.

The taxpayer is McFaddin Express,
Inc., a Connecticut corporation with its
principal place of business in Stamford.

The taxpayer owes $166,093.66 on ac-
count of witholding, social security, fed-
eral unemployment and excise taxes for
the years 1957, 1958, 1959 and 1960, to-
gether with interest to January 10, 1961
in amount of $23,681.06, for a total of
$189,774.72.

The taxpayer has failed to pay the
taxes and interest claimed to be due, or
any part thereof, although duly de-
manded.

Notices of federal tax liens covering
the tax assessments against the taxpayer
have been filed with the Town Clerk for
the Town of Stamford and with the In-
terstate Commerce Commission, Bureau
of Motor Carriers, Washington, D. C.

Plaintiff alleges that defendant New
Haven Board & Carton Co. is indebted
to the taxpayer in amount of $24,031.67;
that a notice of levy was served on said
defendant on December 22, 1959; that
a final demand was made upon said de-
fendant on February 16, 1960; and that
said defendant has failed to honor the
levy and demand.

Plaintiff further alleges that defendant
New Haven Board & Carton Co. failed

to honor the levy and demand on the ground that defendant Frank Rubino claimed an interest in the fund or property in the hands of defendant New Haven Board & Carton Co. but, plaintiff alleges, the claim of defendant Rubino is inferior to that of plaintiff.

Likewise, plaintiff alleges that defendants Adley Express Company, Inc., Gulf Oil Corporation, Tire Service and Sales Incorporated, Connecticut Wheel and Rim Company and New Haven Body Building Company, all claim interests in the fund or property in the hands of defendant New Haven Board & Carton Co. by reason of attachments, and that such claims of interest are all inferior to plaintiff's claim to the fund or property in the hands of New Haven Board & Carton Company.

Plaintiff also alleges that by virtue of its tax liens filed as aforesaid it has a paramount interest in the Certificate of Public Convenience and Necessity issued by the Interstate Commerce Commission to the taxpayer.

Accordingly, plaintiff demands by way of relief, among other things, that the Court order, adjudge and decree that plaintiff has valid and subsisting tax liens upon the unpaid and outstanding tax liabilities of the taxpayer; that such liens are superior in time and right to that of any adverse claimant herein; that plaintiff be declared to have paramount and full right to all funds or property in the hands of the New Haven Board & Carton Company; that the aforesaid property be sold and the proceeds distributed; and that plaintiff be awarded a deficiency judgment against the taxpayer for the unsatisfied amount due plaintiff.

Of the eight named defendants, the action has been dismissed, either by stipulation or by plaintiff's notice of dismissal before answer, as against defendants Connecticut Wheel and Rim Company and New Haven Body Building Company; answers have been filed by defendants McFaddin Express, Inc., Adley Express Co., Inc., New Haven Board & Carton Co. and Frank Rubino; but neither answers nor other pleadings have been filed by defendants Gulf Oil Corporation or Tire Service and Sales Incorporated, although appearances have been filed on behalf of both defendants.

The threshold question is whether, on this state of the pleadings, plaintiff's motion for summary judgment ought to be granted.

Plaintiff requests "a summary judgment in plaintiff's favor for the relief demanded in the complaint, on the ground that the affirmative defenses set forth in the defendants' answers are insufficient as a matter of law and that there is therefore no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law."

The principal issue appears to be whether plaintiff's tax lien on the sum of $24,031.67 owed by defendant New Haven Board & Carton Company to the taxpayer is superior to the lien of defendant Frank Rubino on the same fund or property.

It should be noted, however, that, according to plaintiff's complaint, defendants Gulf Oil Corporation and Tire Service and Sales Incorporated have attachments on the same fund, although plaintiff claims that such attachments are inferior to plaintiff's tax liens. Neither defendant has answered although each has appeared by counsel.

Since each of these defendants, according to plaintiff's complaint, has or may have an interest in the fund with respect to which plaintiff seeks an adjudication as to the priority of its tax lien, it would appear to this Court that, before acting upon plaintiff's motion for a sweeping summary judgment, either answers should be filed by said defendants or default judgments should be obtained against them pursuant to Rule 55, Fed.R. Civ.P. 6 Moore's Federal Practice, ¶56.15 [6], p. 2158 (2d ed. 1953); Stuart Investment Co. v. Westinghouse Electric Corp., 11 F.R.D. 277 (D.Neb.1951), *appeal dismissed*, 192 F.2d 935 (8 Cir. 1951); Hooven, Owens, Rentschler Co. v. Royal Indemnity Co., 1 F.R.D. 526 (S.D.Ohio 1940); *cf.* United States v.

Hopkins, 193 F.Supp. 207 (S.D.N.Y. 1960).

Accordingly, plaintiff's motion for summary judgment is denied, but with leave to renew the motion at such time as answers have been filed by defendants Gulf Oil Corporation and Tire Service and Sales Incorporated or judgments by default have been obtained against said defendants.