Wallace A. JONES, M.D.

v.

Wilber S. PECK COMPUTER ASSOCIATES, INC., et al.

No. 131127

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

June 9, 1981

**Mary Ellen Wilkes** counsel for plaintiff
**Gerald S. Courneger** counsel for defendant

## RULINGS, ORDER AND MEMORANDUM AND DECISION ON THE INDIVIDUAL DEFENDANTS' MOTION TO VACATE JUDGMENT, REMOVE DEFAULT AND FILE ANSWER LATE

### Background

In this action the plaintiff Wallace A. Jones ("Jones") secured a judgment against the corporate defendant W.S. Peck Computer Associates, Inc. under Count I of his (Jones') complaint and an execution therefor in the amount of $10,150.40 issued on March 26, 1981. Jones now seeks to enforce that judgment against the individual defendants under Count II of the complaint seeking to "pierce the corporate veil," claiming that the individual defendants should be liable on the defendant corporation's obligations.

The procedural history of this case is somewhat complex. The individual defendants did not file an answer to the complaint. They did, however, file a motion to dismiss which was denied on January 20, 1981. On February 2, 1981, the individual defendants filed a motion for summary judgment as to Count II. On February 5, 1981, Jones moved to default the individual defendants for failure to answer the complaint and the clerk issued a default pursuant to Mass. R. Civ. P. 55(a).[1] On February 11, 1981, the motion for summary judgment was allowed; however, that allowance was subsequently vacated on April 2, 1981 after Jones moved for reconsideration.

The individual defendants, the Pecks, now seek to remove the default entered against them and to file an answer late. In support of their motion they claim that the default was improperly entered because they had filed a motion for summary judgment and the filing of such a motion "tolls" the time requirement for filing an answer.

### Rulings and Memorandum of Decision

Mass. R. Civ. P. 55(a) provides that:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

The issue in this action at this time is whether a motion for summary judgment comes within the scope of the terms "plead or otherwise defend." It is clear that if a defendant files a motion to dismiss under Rule 12, the twenty-day period for a responsive pleading is "tolled." Rule 12(a) specifically provides that if a court denies such a motion, or postpones its disposition on it until the trial on the merits, the responsive pleading shall be served within ten days after notice of the court's action. The Massachusetts courts have not addressed the issue of whether a motion for summary judgment has a similar tolling effect on the time requirements for an answer.

In **Poe v. Cristina Copper Mines, Inc.,** 15 F.R.D. 85 (D.Del. 1953), the Court held that the extension of time to file a responsive pleading until determination of a motion for summary judgment is not a definite and fixed right but a matter to be granted or denied under Rule 6(b) from a consideration of all the circumstances. 15 F.R.D. at 87. The Court's conclusion was based on the rationale that the Federal Rules, identical in all material respects to the Massachusetts Rules, do not specifically provide for the extension of time under Rule 56 as they specifically do under Rule 12.

At least one authority has noted that it would make more sense to allow both motions the same tolling effect. Smith and Zobel, 8 Mass. Practice Series, § 56.4 (1977). "After all, if the court con-

siders matters outside the pleadings, it must treat a motion to dismiss as a motion for summary judgment." Smith and Zobel, **supra** at 352. A consideration of the intent of the Rules, and the manner in which they are to be construed, would support the conclusion that a motion for summary judgment should also toll the period for filing an answer. Rule 1 states that the Rules should be construed to "secure the just, speedy, and inexpensive determination of every action." To require an answer, when the determination of a summary judgment motion may be dispositive of the claim, seems unduly burdensome to both as to court procedures and as to litigants' expenses.

Thus, it is the conclusion of this Court that a motion for summary judgment tolls the running of the time for filing a responsive pleading. In this action, however, the procedural history indicates that the individual defendants may not avail themselves of this construction of the applicable Rules.

The defendant's motion to dismiss was denied on January 20, 1981. According to Rule 12(a), the individual defendants had ten days in which to file a responsive pleading. A logical application of this Court's consideration of the effect of a summary judgment motion leads to the conclusion that the defendants had ten days to either file a responsive pleading or to toll the period by filing a motion for summary judgment. The defendants' motion for summary judgment was not filed until February 2, 1981. This is beyond the ten-day period available to the individual defendants and the default was, thus, properly entered.

Finally, it should be noted that this Court has discretionary power to permit an answer to be filed late when the failure to file is the result of "excusable neglect."[2] Rule 6(b)(2). **Giacobbe v. First Coolidge Corp.,** 367 Mass. 309 (1975). The defendants have failed to attempt to make such a showing because, apparently, they relied on alternative legal grounds in connection with the above motion. Accordingly, this Court declines to grant the requested relief from default, without prejudice, unless and until such a showing is made.

## ORDER

The defendants Wilbur and Patricia Peck's motion to vacate judgment, remove default, and file answer late is DENIED without prejudice.

**By the Court.**
**Paul G. Garrity**
**Justice of the Superior Court**

---

[1] Jones subsequently filed a request for judgment on the default pursuant to Rule 55(b)(1). The clerk notified Jones that since the individual defendants had filed an appearance, a judgment on the default could only be by order of the court. Mass. R. Civ. P. 55(b)(2). No such judgment has been entered to date. Thus, the individual defendants mistakenly included a request for relief from judgment in the above motion.

[2] Rule 6(b)(2) states in pertinent part: "When by these rules or by a notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect ..."