SOUTHERN PACIFIC TRANSPORTATION COMPANY, Plaintiff-Appellant,

v.

NATIONAL MOLASSES COMPANY, Defendant-Appellee.

No. 76-2370
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1976.
Rehearing Denied Oct. 29, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Jarrell E. Godfrey, Jr., New Orleans, La., for plaintiff-appellant.

Allen R. Fontenot, New Orleans, La., for defendant-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

In this diversity action a land owner that had been held liable for negligence seeks indemnification from its lessee pursuant to the lease agreement. The district court dismissed the complaint. We reverse.

Southern Pacific Transportation Co. leased the land in question to National Molasses Co. During the lease term National arranged for Texaco, Inc. to deliver some oil products to the "Team Vega", a vessel chartered by National and docked at a wharf on the leased premises. The approach to the dock, which had been designed by Southern Pacific as a railroad trestle, gave way when two Texaco employees drove their truck onto it. One employee, Sheldon Arcement, was killed and the other, Edgar Romaguera, received a spine injury.

Arcement's survivors and Romaguera sued Southern Pacific for negligence. The jury awarded the plaintiffs $441,000.00, rejecting Southern Pacific's contributory negligence defense. Southern Pacific paid the judgments.

Southern Pacific then brought this action against National claiming a right to indemnification under the following lease provision:

With respect to any liability for loss, damage, injury or death arising from or incident to the use of the leased premises, each party agrees that it will assume and indemnify and hold harmless the other party against all liability, cost and expense caused by its actions or omissions (or the actions or omissions of its agents, contractors/employees or invitees) or by defective property in its possession, care, custody or control. In the event of any combination of such factors involving both parties, each shall assume and will indemnify and hold harmless the other party against all liability, cost and expense for loss of or damage to property in its possession, care, custody or control, and for injury or death of its agents, contractors, employees or invitees, and any liability to third parties shall be equally divided between the parties hereto.

Without filing an answer, National moved for summary judgment.[1] It argued that the decision in the earlier negligence action collaterally estopped Southern Pacific from asserting that Arcement and Romaguera were negligent. The district court granted National's summary judgment motion, and Southern Pacific perfected this appeal.

In this court the parties have vigorously contested whether the earlier jury verdict, which necessarily encompassed a finding that Arcement and Romaguera

1. National submitted no affidavits. At this stage the appropriate motion would have been to dismiss under Fed.R.Civ.P. 12(b)(6). We ignore the discrepancy. We of course treat Southern Pacific's allegations as true.

were not negligent, is binding upon Southern Pacific. Southern Pacific would be bound only if we were to allow the defensive use of nonmutual estoppel against a prior-action defendant. We refuse to resolve this interesting issue at this stage of the proceedings, however, because we find that summary judgment was inappropriate in any event.[2]

On our reading of the indemnification clause, there are at least four theories under which Southern Pacific could recover even if Arcement and Romaguera were not negligent. We preface our discussion by noting that the parties have provided little guidance; they have elaborated on the niceties of collateral estoppel lore but neglected a careful analysis of the governing contract. We therefore do not write in stone, and as the case develops the meaning of some parts of the indemnification clause will remain an open issue.

The first theory supporting Southern Pacific arises from National's agreement to indemnify Southern Pacific for any loss "caused by its [National's] actions or omissions (or the actions or omissions of its agents, contractor/employees or invitees) . . . ." The clause, at least on its face, is not limited to *negligent* actions or omissions. The loss could have been caused by Arcement's and Romaguera's nonnegligent actions, and Arcement and Romaguera may have been "agents," "contractors" or "invitees" of National.[3]

The second theory arises from each party's agreement to indemnify the other for losses caused by "defective property in its possession, care, custody or control." The apparently defective trestle may have been in National's "possession, care, custody or control."

The third and fourth theories supporting Southern Pacific come into play if the loss resulted from "any combination of such factors involving both parties." The third theory rests on National's agreement to indemnify Southern Pacific "against all liability . . . for injury or death of its [National's] agents, contractors, employees or invitees." Arcement and Romaguera may have been National's "agents," "contractors" or "invitees," and liability was imposed upon Southern Pacific for their injury or death.

The fourth theory rests on the provision that "liability to third parties shall be equally divided between" Southern Pacific and National. If Arcement and Romaguera were not National's "agents", "contractors" or "invitees," they were third parties, and Southern Pacific was held liable to them. Application of this provision might entitle Southern Pacific to recover half the amount of the earlier judgment.

These theories would support Southern Pacific whether or not collateral estoppel applies. As the case develops the collateral estoppel issue may be rendered inconsequential. We therefore decline to pass on it at this stage. The decision below is reversed and the case is remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

---

**2.** The parties have addressed the collateral estoppel issue in terms of Louisiana, not federal law. Because of our disposition of the case we do not pass upon the propriety of that choice of law. The earlier judgment was, of course, a *federal* judgment.

**3.** Southern Pacific's reply brief, while not free of ambiguity, appears to concede that the "actions or omissions" clause encompasses only negligent actions or omissions. If Southern Pacific has indeed taken that position, it will not be free to assert the contrary on remand.