**PRIOR OIL WELL DRILLING COMPANY, Plaintiff,**

v.

**DAVID A. WALDRON AND ASSOCIATES, INC., Defendant.**

**Civ. A. No. 84–A044.**

United States District Court, S.D. West Virginia, Parkersburg Division.

Jan. 25, 1985.

Geary L. Walker, Parkersburg, W.Va., for plaintiff.

John S. Bailey, Jr., Davis, Bailey, Pfalzgraf & Hall, Parkersburg, W.Va., for defendant.

### ORDER

HADEN, Chief Judge.

In the process of preparing for the pre-trial conference in this case, it became apparent to the Court that the Plaintiff's ability to sustain diversity jurisdiction has come into question. From the face of the complaint, the Plaintiff alleges damages (1) for the sum of $7,500 advanced to the Defendant for partial payment on the contract and (2) that as a result of the Defendant's failure to complete performance under the contract that the Plaintiff has incurred additional costs in the sum of $4,000. These are the only damages alleged, and it appeared that the Plaintiff had achieved the statutory minimum amount of $10,000 by adding the two claims for money damages together. (The complaint alleges $11,500.) No question of federal law is raised by the complaint as it seeks damages under an ordinary contract.

The sole basis for jurisdiction, thus, is diversity. 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1332(a), the matter in controversy must exceed in sum or value $10,000 exclusive of interest and costs. The general rule employed to decide what amount is actually in controversy is to rely on the damages claimed in the complaint itself unless it appears that the amount stated therein is not claimed in good faith. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Before a court can dismiss an action for lack of jurisdictional amount under the diversity statute, it must appear to a "legal certainty" that the Plaintiff cannot recover the requisite amount. *Bell v. Preferred Assurance Society*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943).

In the instant case the Plaintiff seeks the sum of $7,500 to recover payments made to the Defendant under the contract. This remedy has been stated to protect the promisee's "restitution interest", which is his interest in having restored to him any benefit that he has conferred on the other party. The Plaintiff also seeks $4,000 which represents the sum expended to complete the contracted-for work in excess of the amount which would have been due under the contract. This has been stated to protect the promisee's "expectation interest" which is his interest in having the benefit of his bargain by being put in as good a position as he would have been in had the contract been performed. Restatement, 2d, of Contracts, § 344 (1981). *See also*, Restatement, 2d, of Contracts §§ 347 and 373.

While relief in the alternative or of several different types may be demanded, *Rule* 8(a), Federal Rules of Civil Procedure, it is also true that the Plaintiff may not be entitled to all of the remedies sought. This appears to be the case in the instant action. The Court notes that the restitution claim the Plaintiff offers, the claim for the $7,500, has as its objective *not* the enforcement of the contract through the protection of the Plaintiff's expectation interests, but seeks to prevent the unjust enrichment of the Defendant through protection of the Plaintiff's restitution interest. The restitution remedy is an *alternative* to the enforcement of the contract and giving the Plaintiff the benefit of his bargain. Restatement, 2d, of Contracts, § 373, comment A.

It appears to the Court to a legal certainty that under the complaint, the Plaintiff may establish facts which would show it entitled to the expectation remedy—the benefit of his bargain—*or* the restitution remedy, but not both. Since neither the amount awardable under a restitution theory ($7,500) or the expectation theory ($4,000) is in excess of $10,000, the amount in controversy fails to reach the jurisdictional requirement.

As it appears that this Court is without jurisdiction to entertain the above styled action, it shall be dismissed without prejudice.