Ida Jane STEELE, Plaintiff,

v.

Ricky Dewayne MORRIS, Defendant.

Civ. A. No. 2:85–0088.

United States District Court,
S.D. West Virginia,
Charleston Division.

April 9, 1985.

E. Joseph Buffa, Charleston, W. Va., for plaintiff.

Wayne King, Clay, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

The Plaintiff, Ida Jane Steele, filed the complaint instituting this action on January 16, 1985, alleging malicious use of civil process and/or abuse of process by the Defendant. Plaintiff's complaint further alleges that Defendant's actions were willful, deliberate and so outrageous as to give rise to punitive damages. Rather than answer the complaint, the Defendant filed a motion to dismiss the complaint on the grounds that Plaintiff's claims should have been asserted as a counterclaim in one of the two actions between these same parties brought in the Circuit Court of Clay County, West Virginia, and that the requisite jurisdictional amount of $10,000 was not in controversy. Inasmuch as Defendant's motion to dismiss was not accompanied by a memorandum of law, in order to facilitate the decisional process the Court ordered

the Defendant to file a memorandum of law in support of his motion by March 12, 1985, with the Plaintiff to respond by April 5, 1985. The Court's Order noticed counsel that upon completion of the briefing schedule the Court would consider this matter mature for decision and may rule thereon without further notice to counsel of record. Contrary to this Court's scheduling order, the Defendant failed to file a supporting memorandum. Despite Defendant's briefing default, counsel for Plaintiff dutifully filed a memorandum of law in opposition to Defendant's motion to dismiss in a timely fashion. In addition to responding to the arguments made in Defendant's motion to dismiss, counsel for Plaintiff has requested the Court in her responsive memorandum to award Plaintiff her attorney's fees incurred in preparing the memorandum in opposition to Defendant's motion to dismiss on the ground that "Defendant's Motion to Dismiss appears to have been interposed for improper purposes pursuant to *Rule* 11 ...."[1] The date for submitting memorandum of law having expired pursuant to the terms of this Court's Order entered February 25, 1985, this matter is now ripe for decision.

The underlying civil actions brought by the parties in the Circuit Court of Clay County, which suits ultimately gave rise to this action, were related in that each involved personal relations between the parties. First in time was a civil paternity suit brought by Steele against Morris. That lawsuit was followed by one brought by Morris against Steele wherein Morris alleged Steele had contracted with him to pay for "stud fees" and that she had breached the agreement, for which breach Morris claimed compensatory and punitive damages. Morris' breach of contract suit was voluntarily dismissed by him with prejudice on December 21, 1984. The pleadings in this case do not reveal the disposition or status of Steele's paternity suit.

The foregoing procedural history demonstrates the incorrectness of Defendant's argument that Plaintiff's claims as-

---

1. *See* Plaintiff's memorandum in opposition to motion to dismiss at p. 1.

serted herein should be dismissed because they were not raised by counter-claim in one of the Clay County actions because the case law clearly establishes that a cause of action for malicious use of civil process and/or abuse of process does not accrue until the allegedly abusive or malicious lawsuit is terminated. *See e.g., Vinal v. Core,* 18 W.Va. 1, 23–24 (W.Va.1981).[2] *Woodford v. McDaniels,* 73 W.Va. 736, 81 S.E. 544 (1914); *Allen v. Burdette,* 89 W.Va. 615, 109 S.E. 739 (1921).[3] *See also* Rule 13(a) of the Federal Rules of Civil Procedure *"Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party,* if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction". Because the claims herein asserted by Plaintiff had not yet accrued, and thus could not have been asserted by Plaintiff, in the Clay County litigation, Defendant's motion to dismiss on this basis is denied.

 Defendant's motion to dismiss for lack of jurisdictional amount is equally without merit. Because this is a diversity of citizenship action brought pursuant to 28 U.S.C. § 1332, the actual amount in controversy must exceed $10,000 for this Court to have jurisdiction. The general rule governing whether the requisite jurisdictional amount is in controversy is that the "sum claimed by the Plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *Prior Oil Well Drilling Co. v. David A. Waldron and Associates, Inc.,* 601 F.Supp. 778, 779 (S.D. W.Va.1985); *Patrick v. Sharon Steel Corp.,* 549 F.Supp. 1259, 1261 (N.D.W.Va. 1982). Before the Court can dismiss an action on this basis it "must appear to a legal certainty that the claim is really less than the jurisdictional amount ...." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. at 289, 58 S.Ct. at 590; *Prior Oil Well Drilling Co. v. David A. Waldron and Associates, Inc.,* 601 F.Supp. at 779; *Patrick v. Sharon Steel Corp.,* 549 F.Supp. at 1262. Measured against this standard it is clear Plaintiff has properly pled in her *ad damnum* the requisite jurisdictional amount. Plaintiff's complaint alleges that as a result of Defendant's actions she lost her job as a teacher,[4] incurred expenses for attorney's fees, travel and moving, loss of benefits and has suffered emotional distress, embarrassment, mental anguish and damage to her reputation. Significantly, Plaintiff has also claimed entitlement to punitive damages for Defendant's willful, deliberate and outrageous conduct.[5] In view of the *ad damnum,* which appears to be properly pleaded and in good faith, the Court cannot find and conclude "to a legal certainty" that Plaintiff's damages claim is for "really less than the jurisdictional amount and, therefore, denies Defendant's motion to dismiss the complaint for lack of jurisdiction.

2. In *Vinal* the court observed:
"To warrant any verdict of the jury or judgment of the court in favor of the plaintiff against the two defendants jointly in such a suit as this for malicious prosecution against them, such as was rendered in the case, it must have been proved on the part of the plaintiff according to the decision in *Scott & Boyd v. Shelor,* 28 Grat. [891] 899 in the words of Judge Burks slightly modified: 'First, that the prosecution alleged in the declaration had been set on foot and conducted to its termination, and that it had ended in the final discharge of the plaintiff by the justice ....'" 18 W.Va. at 23.

3. The West Virginia Supreme Court of Appeals stated in the *Allen* case: "That there must be a determination of the suit which it is alleged is maliciously prosecuted is uniformly held ..." 89 W.Va. at 618, 109 S.E. 739.

4. Plaintiff asserts her salary for the present school year would have been $15,079.00, with an additional amount for accumulated sick leave.

5. Plaintiff, of course, would be entitled to recover punitive damages if she can prove at trial the Defendant's conduct was intentional or willful, wanton and reckless. *See e.g., Wells v. Smith,* 297 S.E.2d 872 (W.Va.1982); *Bond v. City of Huntington,* 276 S.E.2d 539 (W.Va.1981).

■ Upon review of the entire record in this action, the Court is of the opinion that Plaintiff's motion pursuant to *Rule* 11 for recovery of her attorney's fees incurred in preparation of her memorandum of law in opposition to Defendant's motion to dismiss warrants favorable consideration by the Court. *Rule* 11 provides, *inter alia*, "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonably inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The advisory committee notes on the 1983 amendment to *Rule* 11 contains the following observation:

> "The new language stresses a need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule. The standard is one of reasonableness under the circumstances." *See Kinee v. Abraham Lincoln Federal Savings & Loan Association,* 365 F.Supp. 975 (E.D.Pa.1973). "This standard is more stringent than the original good-faith formula and thus it is expected that a greater range of circumstances will trigger its violation. *See Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980)."

Considering the grounds raised by the Defendant in support of his motion to dismiss and also considering the fact that the law governing same is well settled, the Court cannot help but conclude that had Defendant's counsel made a reasonable inquiry into "both the facts and the law" before filing the motion to dismiss that he would have been quickly dissuaded from filing that motion. Having done so, the Defendant has seriously delayed the prosecution of this action in that it has been over two months since the filing of the complaint, and because no answer has been filed, the issues have yet to be joined and pretrial deadlines established.[6] This is precisely the type of unnecessary delay *Rule* 11 is designed to avoid. In her memorandum of law in opposition to Defendant's motion to dismiss Plaintiff states that the preparation of the memorandum "has cost her four and one-half (4½) hours of attorney's time at Seventy Five Dollars ($75.00) per hour." This is precisely the type of unnecessary expense *Rule* 11 is designed to avoid. These amounts appear to be reasonable to the Court both as to the time expended and the hourly rate. The Court, therefore, hereby grants Plaintiff's motion for attorney's fees pursuant to *Rule* 11 and hereby awards her $337.50. The Defendant is ORDERED to tender the aforementioned amount to Plaintiff's counsel forthwith, but in any event, within ten days of the date this Order is entered.

---

6. Pursuant to this Court's case management system, once the issues have been joined the Court enters a comprehensive Pretrial Procedures and Final Scheduling Order setting the trial, final settlement conference and pretrial conference dates and establishing deadlines for completion of discovery, joinder, dispositive motions, motions *in limine,* etc. *See Rule* 16 of the Federal Rules of Civil Procedure.