Carolyn Storaasli Nestingen, Samuel L. Hanson, Briggs & Morgan, Minneapolis, MN, Marian McMahon Durkin, Briggs & Morgan, St. Paul, MN, for plaintiff.

David Arthur Ranheim, Dorsey & Whitney, Minneapolis, MN, for defendant.

**Larry B. RICKE, Trustee of Trust Established Pursuant to Section 4049 of the Employee Retirement Income Security Act of 1974, Plaintiff,**

v.

**ARMCO, INC., Defendant.**

**No. 3–94 CIV 927.**

United States District Court, D. Minnesota, Third Division.

Oct. 28, 1994.

*ORDER*

ALSOP, Senior District Judge.

The above-entitled matter is before the Court upon the Motion of Armco, Inc. ("Armco") to Confirm that an Answer Need Not be Filed until after the Court rules on Armco's Motion to Dismiss, which is scheduled for hearing before this Court on November 4, 1994. Armco argues that its Motion to Dismiss suspends the time for answering the complaint pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure. *See* Fed. R.Civ.P. 12(a)(4). The plaintiff ("Ricke") contends that Armco's motion is, in reality, a *Motion for Summary Judgment, for which time for answering is not suspended by the Rules.*

Armco's motion to Confirm that an Answer Need Not be Filed fails for several reasons. First, while Armco titles its substantive motion a "Motion to Dismiss," it does not identify a corresponding Rule or standard of review. Armco's Notice of Motion and Motion simply states that it is based "upon the Federal Rules of Civil Procedure." Nor does Armco argue anywhere in its papers that the Complaint fails to state a claim. *See* Fed. R.Civ.P. 12(b)(6).

Second, Armco's motion is accompanied by numerous exhibits and supporting documents, all of which clearly involve "matters outside the pleadings." Fed.R.Civ.P. 12(c). As a result, it is patently obvious that Armco's motion is a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For these reasons, the Court has no hesitancy in concluding that Armco has labeled its Motion for Summary Judgment a "Motion to Dismiss" simply to *avoid* filing an answer. Such an attempt to manipulate the Federal Rules of Civil Procedure should not be condoned or encouraged by the Court.

■ Armco correctly points out that the Rules allow the Court to construe a Motion to Dismiss as a Motion for Summary Judgment if matters outside the pleadings are presented. *Id.* Where a Court so construes a motion, summary judgment could conceivably be entered before an answer is ever filed. For the reasons stated herein, the Court finds that such a result would be inappropriate in this case. A litigant should not be permitted to gain an advantage by intentionally mislabeling a filing. *See Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1227 (7th Cir.1993).

Accordingly, upon review of the files, motions, and proceedings herein,

**IT IS HEREBY ORDERED:**

1. That Armco's Motion to Confirm that an Answer Need not be Filed is **DENIED;** and

2. Armco's Answer shall be served within ten days of the date of this Order.