588 S.E.2d 210

**STATE of West Virginia ex rel. Charlotte PRITT, Petitioner,**

v.

**Honorable Charles M. VICKERS, Judge of the Fayette County Circuit Court; Republican National Committee; National Republican Senatorial Committee; and West Virginia State Victory Committee, Respondents.**

No. 31356.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 2003.

Decided Oct. 10, 2003.

Roger D. Forman, Esq., Forman & Huber, Hubert H. Roberts, Esq., Charleston, for Petitioner.

Michael W. Carey, Esq., Carey, Scott & Douglas, Charleston, Bobby R. Burchfield, Esq., Jason A. Levine, Esq., Covington & Burling, Washington, D.C., for Respondents.

John M. Hedges, Esq., Byrne & Hedges, Morgantown, for the Honorable Charles M. Vickers, Judge.

DAVIS, Justice.

■ Charlotte Pritt, petitioner/plaintiff below (hereinafter referred to as "Ms. Pritt"), seeks a writ of prohibition to challenge rulings by the Circuit Court of Fayette County precluding further discovery in her case.[1] This Court issued a rule to show cause. The Republican National Committee, National Republican Senatorial Committee and the West Virginia State Victory Committee, respondents/defendants below (hereinafter referred to as the "defendants")[2] have filed a response. Here, Ms. Pritt alleges that the circuit court erroneously denied her motion to enter a scheduling order permitting additional discovery, erroneously pre-

---

1. In the conclusion section of Ms. Pritt's petition she requests this Court appoint a new judge to preside over her case. Other than making this conclusory request, Ms. Pritt has failed to brief this issue and provide a basis for this Court to determine the merits of the request. *See State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are ... mentioned only in passing but are not supported with pertinent authority ... are not considered[.]" (citation omitted)); Syl. pt. 6, *Addair v. Bryant*, 168 W.Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs ... may be deemed

by this Court to be waived."). Moreover, the matter of judicial recusal and disqualification is a matter of discretion reposed solely in the presiding judge and the Chief Justice of this Court. *See* W. Va. Tr. Ct.R. 17.01 (delineating procedure for motions to disqualify presiding judge). As this issue is not properly before the Court in this proceeding, we will not further address the matter.

2. A separate response was also filed on behalf of the presiding circuit court judge, the Honorable Charles M. Vickers.

cluded her from naming expert witnesses and from deposing defendants' expert witnesses. After a thorough review of the briefs and record, and considering the oral arguments of the parties, we grant the writ prayed for as moulded.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On October 31, 1997, Ms. Pritt filed a defamation action against the defendants.[3] Defendants did not initially file an answer. Rather, all defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the W. Va. Rules of Civil Procedure. Following a period of discovery, the defendants collectively moved for summary judgment. By order entered May 15, 2000, the circuit court granted the defendants' summary judgment motion. Ms. Pritt appealed the adverse summary judgment ruling. This Court reversed the summary judgment decision and remanded the case for trial on the merits in *Pritt v. Republican National Committee*, 210 W.Va. 446, 557 S.E.2d 853 (2001).

Following the remand, a status conference was held on February 13, 2002. During that conference, Ms. Pritt indicated that she may require additional discovery,[4] to which the defendants objected. The circuit court did not rule on what may be characterized as a "speaking" motion for further discovery. The circuit court did, however, set a trial date for June 9, 2003.

On January 13, 2003, a hearing was held on a motion filed by Ms. Pritt to have the circuit court enter a scheduling order.[5] Ms. Pritt tendered a proposed scheduling order that, among other things, permitted her to name expert witnesses and depose the defendants' expert witnesses. The defendants, during the hearing, objected to the inclusion of a new discovery period in the proposed scheduling order, asserting that discovery was governed by an order entered November 17, 1998. Under the November 17, 1998, order, discovery was closed.[6] Ms. Pritt contended that the November 17th order was solely for the purpose of defendants' summary judgment motion and that it was not intended to preclude further discovery should defendants' summary judgment motion fail. After the hearing, the circuit court entered an order on January 28, 2003, establishing deadlines for pretrial motions and conferences. The January 28, 2003, order also specifically indicated that discovery was governed by the order entered on November 17, 1998.

Thereafter, on February 20, 2003, Ms. Pritt filed a document listing six experts that she intended to call at trial. The defendants filed a motion to strike the document identifying the expert witnesses and to deny Ms. Pritt's attempt to present expert witnesses at trial. The defendants took the position that the time for disclosing expert witnesses had expired based upon the November 17, 1998, order. The circuit court agreed with the defendants. By pretrial order entered May 21, 2003, the trial court granted the defendants' motion to strike Ms. Pritt's expert witnesses and preclude those witnesses from testifying at trial. From that ruling, Ms. Pritt thereafter filed her petition for a writ of prohibition.

## II.

## STANDARD FOR ISSUANCE OF WRIT

We have held that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953).

---

**3.** For a more detailed discussion of the underlying facts in this case, see the opinion rendered by this Court in *Pritt v. Republican National Committee*, 210 W.Va. 446, 557 S.E.2d 853 (2001), *cert. denied*, 537 U.S. 812, 123 S.Ct. 71, 154 L.Ed.2d 14 (2002).

**4.** The conference was informal, and no record of the matter was created. However, the parties do not dispute what took place at the conference.

**5.** The motion was filed on December 12, 2002.

**6.** Pursuant to that order, discovery ended on May 15, 1999.

In this proceeding, Ms. Pritt does not claim that the circuit court has no jurisdiction, but rather that it has exceeded its legitimate powers. We held in Syllabus point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), as follows:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

■ With specific regard to the issuance of a writ of prohibition in the context of a discovery matter, this Court has ruled that "[a] writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders." Syl. pt. 1, *State Farm Mut. Auto. Ins. Co. v. Stephens*, 188

7. An amended complaint was filed in 1998.

8. Because the West Virginia Rules of Civil Procedure are patterned after the Federal Rules of Civil Procedure, we often refer to interpretations of the federal rules when discussing our own rules. *See Painter v. Peavy*, 192 W.Va. 189, 192 n. 6, 451 S.E.2d 755, 758 n. 6 (1994) ("Because the West Virginia Rules of Civil Procedure are practically identical to the Federal Rules, we give substantial weight to federal cases . . . in determining the meaning and scope of our rules.").

9. Of course, "[a] defendant may forego a pre-answer motion and assert in an answer to a

W.Va. 622, 425 S.E.2d 577 (1992). *See also* Syl. pt. 2, in part, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court.").

### III.

### DISCUSSION

#### A. Availability of Additional Discovery Following Filing of Answer

■ Ms. Pritt has assigned error to a number of issues involving her efforts to conduct further discovery in this case. All of the issues can be addressed by resolving her motion requesting the trial court enter a revised scheduling order as a result of this Court's reversal of summary judgment. Before addressing the issues, we must first define the law governing the procedural steps leading to Ms. Pritt's motion.

■ **1. The defendants' motion to dismiss and motion for summary judgment.** As was previously stated, Ms. Pritt filed her complaint in 1997.[7] Before filing an answer, the defendants filed a motion to dismiss the complaint under Rule 12(b) of the West Virginia Rules of Civil Procedure. Like its federal counterpart, Rule 12(b) "permits [a] party to raise certain defenses and objections by motion filed before serving an answer."[8] 2 *Moore's Federal Practice*, § 12.12 (2003).[9] *See also Federal Nat. Mortg. Ass'n v. Cobb*, 738 F.Supp. 1220, 1228 (N.D.Ind.1990) ("Rule 12[b][6] permits a pleader to assert the defense of failure to state a claim upon which relief can be granted by motion prior to pleading.").[10]

complaint every defense, objection or response the defendant has to the plaintiff's complaint[.]" Franklin D. Cleckley, et al., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 12(b) (2002).

10. Pursuant to Rule 12(a)(3)(A) of the West Virginia Rules of Civil Procedure, a defendant must serve an answer within 10 days of receiving notice of the trial court's adverse ruling on the defendant's Rule 12(b) motion. *See Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D.Va.2002); *Finnegan v. University of Rochester Med. Ctr.*, 180 F.R.D. 247, 249

In the instant proceeding, the circuit court never ruled upon the motion to dismiss under Rule 12. Instead, after a period of discovery and with the Rule 12 motion pending, the defendants filed a motion for summary judgment pursuant to Rule 56 of the West Virginia Rules of Civil Procedure.[11] Federal "[c]ourts and commentators have acknowledged that no answer need be filed before a defendant's motion for summary judgment may be entertained." *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 404 (6th Cir.1987). *See First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 291, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Southern Pac. Transp. Co. v. National Molasses Co.*, 540 F.2d 213, 214 (5th Cir. 1976); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 522 (3d Cir.1973); *Poe v. Cristina Copper Mines, Inc.*, 15 F.R.D. 85, 87 (D.Del.

1953).[12] Ultimately, the circuit court granted summary judgment to the defendants. On December 12, 2001, this Court reversed the circuit court's summary judgment ruling.

**2. Ms. Pritt's motion for entry of a subsequent scheduling order to permit additional discovery.** During the January 13, 2003, hearing on Ms. Pritt's motion for a Rule 16(b) scheduling order, her counsel made the following opening remarks: "I'm pleased to advise the Court that an answer has been filed, which was one of the big problems that I had in the· case[.]" The defendants' answer was actually filed on January 8, 2003,[13] more than three years after pre-answer discovery closed and more than a year after this Court's decision which reversed the circuit court's summary judgment ruling.[14]

(W.D.N.Y.1998); *Hoffman v. Hunt*, 845 F.Supp. 340, 352 (W.D.N.C.1994); *Brocksopp Eng'g, Inc. v. Bach–Simpson Ltd.*, 136 F.R.D. 485, 486 (E.D.Wis.1991). Rule 12(a)(3)(A) does not specifically address the issue of the time period for filing an answer when a trial court grants a motion to dismiss and the ruling is subsequently reversed by the Supreme Court. We believe, as both a logical and practical matter, that a defendant, who obtains a favorable ruling under Rule 12(b) that is subsequently reversed by the Supreme Court, should file an answer to the complaint within 10 days of receiving notice of the Supreme Court's decision.

**11.** Based upon the facts outlined in our decision in *Pritt v. Republican National Committee*, 210 W.Va. 446, 557 S.E.2d 853 (2001), it is clear that the defendants' previous Rule 12(b) motion was not converted into a summary judgment motion. The defendants filed a motion for summary judgment specifically under Rule 56.

**12.** Unlike Rule 12(a), which expressly tolls the period for filing an answer when a Rule 12(b) motion is filed, "[u]nder Rule 56 there is no express extension of time for filing responsive pleadings until the disposition of the motion for summary judgment." *Poe*, 15 F.R.D. at 87. *See Ricke v. Armco, Inc.*, 158 F.R.D. 149, 150 (D.Minn.1994) (holding that a pre-answer motion for summary judgment does not suspend the time for filing an answer). Some federal courts have taken the position that Rule 12(a)'s 10–day period for filing an answer to a complaint after an adverse Rule 12(b) decision should be applied to a pre-answer motion for summary judgment. The court in *Poe* addressed the matter as follows:

Many reasons exist for the postponement of the responsive pleading until the determination of a motion for summary judgment which will be entirely dispositive of the action, if the

Rules are construed as required by Rule 1 to 'secure the just, speedy, and inexpensive determination of every action.' There seems little reason to require a long, burdensome and expensive investigation to file an answer when the contents of the answer may be entirely useless by reason of the dispositive nature of the action on the motion.

*Poe*, 15 F.R.D. at 87. *See also First Nat. Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (affirming a grant of summary judgment to a defendant who had never answered the complaint in more than six years of litigation); *Rashidi v. Albright*, 818 F.Supp. 1354, 1356 (D.Nev.1993) ("Although Rule 12 does not specifically allow for a summary judgment motion to toll the running of the period within which a responsive pleading must be filed, by analogy the language would seem to apply—particularly since a Rule 12(b)(6) motion is transformed to a Rule 56 Motion when matters outside the pleadings are considered by the court.").

**13.** Filing of the defendants' answer effectuated joinder of the issues. *Cf. Steele v. Morris*, 608 F.Supp. 274, 277 (S.D.W.Va.1985) (observing that "because no answer ha[d] been filed, the issues have yet to be joined").

**14.** Because the matter is not properly before us, we are constrained from ruling on the issue of the time that elapsed between the date of our reversal of summary judgment, and the date the defendants filed an answer. We observe, however, that the 10–day period of Rule 12(a) should ordinarily control when a defendant has to file an answer after he/she receives notice of an adverse ruling on his/her pre-answer motion for summary judgment. Moreover, the 10–day window should be applicable to an adverse ruling by a circuit court or by this Court.

During the January 13th hearing, counsel for Ms. Pritt also informed the circuit court that the proposed scheduling order tendered by counsel included a period for discovery, because the earlier 1998 discovery order was issued purely for the purpose of accommodating the defendants' summary judgment efforts. The circuit court was not persuaded by this argument and entered a scheduling order prohibiting further discovery.[15]

■ "[T]he overarching purpose of discovery is to clarify and narrow the issues in litigations, so as to efficiently resolve disputes. This purpose makes litigation less of a game of 'blindman's bluff' and more of a contest that seeks a fair and adequate resolution of a dispute." Cleckley, *Litigation Handbook*, § 26, at 540. With this purpose in mind, we need not determine whether the pre-answer discovery by the parties was solely to accommodate the defendants' efforts to obtain summary judgment. We believe as a matter of fundamental fairness, and so hold, that when a dispositive pre-answer motion by a defendant is denied by a trial court, or granted but reversed by the Supreme Court, a plaintiff must be permitted to conduct discovery after the defendant files an answer even though the parties may have previously engaged in pre-answer discovery.[16] *See Gray v. Whisenaut*, 258 Ga. 242, 368 S.E.2d 115, 116 (Ga.1988) (holding that the State's rule "dates the beginning of the discovery period only from the filing of the answer").

In the instant proceeding, the defendants were permitted to conduct pre-answer discovery on the allegations set out in Ms. Pritt's amended complaint. However, the circuit court denied Ms. Pritt's motion for a scheduling order that included a period of post-answer discovery. In view of the above-stated principle of law, we find that the circuit court should have granted Ms. Pritt's motion for entry of a scheduling order that permitted additional discovery.

■ The defendants further contend that Ms. Pritt was required to file a specific motion to reopen discovery. Since this was not done, the defendants argue, the circuit court was under no obligation to provide for further discovery in the scheduling order. We find no merit to this argument.

Under Rule 16(b), it is mandatory that trial courts enter a scheduling order that limits the time to join parties, amend pleadings, file and hear motions, and complete discovery.[17] *See Elliott v. Schoolcraft*, 213 W.Va. 69, 73 n. 5, 576 S.E.2d 796, 800 n. 5 (2002) (per curiam) (reversing summary judgment in part because the trial court did not enter a scheduling order in the case). The law is clear in holding that when a scheduling order establishes cutoff dates, including discovery, "[i]f a party cannot meet a scheduling order deadline, Rule 16(b) specifically requires leave of court to modify the scheduling order." Cleckley, *Litigation Handbook*, § 16(b), at 356. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

---

**15.** The circuit court's scheduling order listed the following time periods:
   (1) To join other parties and to amend the pleadings-February 21, 2003;
   (2) To file and hear motions-March 17, 2003;
   (3) Discovery schedule was set by Order dated November 17, 1998;
   (4) Conference before the Court February 21, 2003 at 10:00 A.M., a final pretrial conference May 15, 2003 at 10:00 A.M., and trial was set by Order of this Court dated August 27, 2002, to begin on June 9, 2003.

**16.** In rendering this ruling, we reject the contention made by counsel for the defendants during oral argument before this Court that the answer filed in this case provided nothing new for which discovery would be necessary. We believe that only confusion would result were we to adopt a discretionary, case-by-case rule to govern such a procedure.

**17.** Rule 16(b) of the West Virginia Rules of Civil Procedure provides in full:

   (b) Scheduling and Planning. Except in categories of actions exempted by the Supreme Court of Appeals, the judge shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, telephone, mail or other suitable means, enter a scheduling order that limits the time:
   (1) To join other parties and to amend the pleadings;
   (2) To file and hear motions; and
   (3) To complete discovery.
   The scheduling order also may include:
   (4) The date or dates for conferences before trial, a final pretrial conference, and trial; and
   (5) Any other matters appropriate in the circumstances of the case.
   A schedule shall not be modified except by leave of the judge.

608 (9th Cir.1992) (plaintiff failed to seek leave of court to modify scheduling order). Moreover, "trial courts should not permit the parties to obtain extensions absent a showing of good cause." Cleckley, *Litigation Handbook*, § 16(b)(3), at 360. *See* 3 *Moore's Federal Practice*, § 16.14 ("A trial court may modify or amend a scheduling order only when 'good cause' is shown and the court grants leave to modify.").[18]

The problem with the application of the principles of law to the facts of the instant case is that the circuit court's January 28, 2003, post-answer scheduling order sought to incorporate an expired discovery cutoff date that was contained in a November 17, 1998, pre-answer discovery order.[19] Under this *unique* set of facts, Ms. Pritt could not be expected to file a motion to extend the scheduling order's discovery cutoff date because no such scheduling order had yet been entered.[20] Consequently, the issue was properly raised in Ms. Pritt's motion to enter a scheduling order that provided discovery after defendants' answer was filed.[21]

## IV.

## CONCLUSION

The circuit court substantially abused its discretion in denying a motion filed by Ms. Pritt, on December 12, 2002, seeking entry of a scheduling order that included a period of discovery. Consequently, the circuit court's scheduling order of January 28, 2003, which precluded further discovery is vacated. This case is remanded for entry of a scheduling order that permits expert witnesses to be named and deposed by either party, and that further permits any other discovery allowed under our rules.[22] It is imperative, however, that such discovery be conducted as expeditiously as possible in order that the underlying matter may proceed promptly to a trial on the merits and be finally resolved. Accordingly, the requested writ of prohibition is hereby granted as moulded.

Writ Granted as Moulded.

MAYNARD, Justice, deeming himself disqualified, did not participate in the decision of this case.

---

**18.** "[T]he federal counterpart of [Rule 16(b)] requires a party establish 'good cause' before a scheduling order may be modified. The state rule does not explicitly require a showing of good cause to modify a scheduling order. However, good cause is an appropriate standard to adopt." Cleckley, *Litigation Handbook*, § 16(b), at 356.

**19.** It should be noted that Rule 26(f) provides for entry of a separate discovery order when a discovery conference is held pursuant to that rule. Consequently, a Rule 16(b) scheduling order may reference the discovery time periods set out in a Rule 26(f) discovery order. However, ordinarily such a reference cannot be to time periods that expired before entry of the Rule 16(b) scheduling order. Under normal circumstances, when a circuit court issues separate scheduling and discovery orders, those orders will have been created in close proximity to each other such that no time period would have expired before the orders are entered. In fact, Rule 26(f) has sought to prevent the type of problem presented in the instant case by expressly stating "that the court may combine the discovery conference with a pretrial conference authorized by Rule 16."

Cleckley, *Litigation Handbook*, § 26(f), at 588 n. 167.

**20.** It is true that, under Rule 26(f), Ms. Pritt could have filed a motion specifically seeking to modify the discovery order. Under Rule 26(f), a discovery "order may be altered or amended whenever justice so requires." Cleckley, *Litigation Handbook*, § 26(f), at 587. However, Ms. Pritt chose to address the issue by invoking her right to have a scheduling order entered that was consistent with Rule 16(b). Insofar as a motion may be filed under either rule, nothing precluded Ms. Pritt from relying upon a motion based upon Rule 16(b) in order to address the discovery issue.

**21.** Because of our resolution of the scheduling order motion, we need not address the remaining issues presented by Ms. Pritt.

**22.** To the extent that the circuit court has entered other pretrial orders that contain provisions which are in conflict with our ruling today, the provisions in such orders are without force or effect.