## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Margaret E. McDonald,**
**Plaintiff Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0654** (Harrison County 11-C-12)

**Drew C. Britton,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Margaret McDonald, by counsel Stephen A. Wickland, appeals the March 26, 2012, order of the Circuit Court of Harrison County, granting Respondent Drew C. Britton's motion for partial summary judgment. Respondent appears by counsel Andrew McMunn.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 13, 2009, respondent was involved in an automobile accident with petitioner, subsequent to which petitioner was evaluated in the emergency room and admitted for treatment.[1]  She stayed in the hospital until January 22, 2009, with a primary diagnosis of fracture to her sternum and a chest contusion. While at the hospital, petitioner reported difficulty swallowing, and she was diagnosed with an esophageal stricture. Since that diagnosis, the petitioner has undergone four surgeries, and expects to undergo additional surgeries. Petitioner filed her complaint related to this accident on January 12, 2011.

State Farm Mutual Automobile Insurance Company, the underinsurance motor carrier, filed a motion for partial summary judgment on behalf of respondent on December 8, 2011, asserting that no evidence linked petitioner's extended hospital stay or her esophageal stricture to the 2009 accident. By order entered on March 26, 2012, the circuit court granted respondent's motion, noting that petitioner did "precious little to relate those injuries to her January, 2009, car accident" and that petitioner offered no evidence beyond mere allegation. Petitioner argues on appeal, first, that the circuit court erred in concluding that her esophageal stricture was not related to the accident. She asserts that she had no prior difficulty swallowing, and that she had been treated for acid reflux—a condition that one physician identified as the cause of the

---

[1]Respondent did not contest the expenses related to petitioner's emergency room treatment, and those expenses have been paid.

1

esophageal stricture—three years earlier and her reflux issues were resolved at that time. She argues, second, that the circuit court erred in concluding that her extended hospital stay was not related to the accident, because she was at an advanced age of seventy-three years, and because her medical records do not reflect that the emergency room visit was sufficient treatment. Petitioner urges that we must infer from the admission itself that the hospital stay was necessary. Finally, petitioner argues that because her counsel withdrew from the case and she obtained new counsel after the motion for partial summary judgment was filed, the lower court wrongly denied her request to allow new counsel to take additional discovery.

On appeal, we review a summary judgment order under a *de novo* standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Syl. Pt. 2, *Id.*; Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of N.Y.,* 148 W.Va. 160, 133 S.E.2d 770 (1963).

Dr. Jeffrey Madden has treated the petitioner for the esophageal stricture, but he testified that he was unable to relate the stricture to the accident. The petitioner's primary care physician, Dr. David E. Hess, similarly testified that he could not relate the esophageal stricture to the accident, believing instead that it was caused by acid reflux. Dr. Hess also testified that the petitioner's hospital stay was not medically necessary, and that he believed she could return home after treatment in the emergency room. Dr. Hess testified that he related this opinion to petitioner prior to her admission, and that he advised that she could be personally responsible for expenses, but that petitioner and her son insisted that she be admitted. Petitioner offered her own affidavit in opposition to respondent's motion, stating, "I had never had an esophageal stricture prior to the automobile accident."

It is axiomatic that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor.' *Anderson [v. Liberty Lobby, Inc.]*, 477 U.S. [242] at 252, 106 S.Ct. [2505] at 2512, 91 L.E.2d [202] at 214 [1986]." *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 60, 459 S.E.2d 329, 337 (1995). Petitioner's conclusory statement is insufficient to meet this standard and overcome the reliable medical testimony that very clearly rebutted a relationship between petitioner's accident and both her hospital stay and esophageal stricture.

With respect to petitioner's assertion that the circuit court failed to grant her request for additional discovery, petitioner has not directed our attention to a specific ruling by the lower court to which she takes exception, or even to her purported request to conduct additional discovery. We require that arguments before this Court be supported by "appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." W.Va. R. App. P. 10(c)(7). We are not obligated to consider assignments of error lacking the necessary support. *Id.*

Nevertheless, our review of the appendix record shows that the court's scheduling order required that all discovery be completed by November 14, 2011. Petitioner's counsel withdrew after the completion of discovery, on December 14, 2011. Petitioner's succeeding attorney made

his first appearance at the pretrial conference on January 3, 2012. According to a pleading filed in the circuit court by respondent, counsel was told at that time that the court would not reopen discovery. In spite of the court's pronouncement, however, petitioner noticed on March 21, 2012, without obtaining leave of court, the deposition of Dr. Vincent Miele[2] for April 3, 2012, prompting respondent to file a motion for a protective order.[3] The court granted that motion by order entered March 28, 2012. It stated,

> It is the normal practice of the [c]ourt not to allow discovery to take place outside the window of time unless there has been an agreement between the parties. Here, there clearly has been no such an agreement. Discovery is closed, and it has been closed for some time. Furthermore, given the late date of this deposition, the [c]ourt feels that the danger of prejudice is high.

Petitioner filed her "Motion for New Trial Pursuant to Rule 59 [of the West Virginia Rules of Civil Procedure]" on April 5, 2012, suggesting that the court should have held its order granting partial summary judgment "in abeyance pending completion of discovery" by her. Even then, she did not acknowledge that the discovery period had closed months before.

We have explained:

> Under Rule 16(b), it is mandatory that trial courts enter a scheduling order that limits the time to join parties, amend pleadings, file and hear motions, and complete discovery. *See Elliott v. Schoolcraft*, 213 W.Va. 69, 73 n.5, 576 S.E.2d 796, 800 n.5 (2002) (per curiam) (reversing summary judgment in part because the trial court did not enter a scheduling order in the case). The law is clear in holding that when a scheduling order establishes cutoff dates, including discovery, "[i]f a party cannot meet a scheduling order deadline, Rule 16(b) specifically requires leave of court to modify the scheduling order." Cleckley, Litigation Handbook, § 16(b), at 356. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir.1992) (plaintiff failed to seek leave of court to modify scheduling order). Moreover, "trial courts should not permit the parties to obtain extensions absent a showing of good cause." Cleckley, *Litigation Handbook*, § 16(b)(3), at 360. *See 3 Moore's Federal Practice*, § 16.14 ("A trial court may modify or amend a scheduling order only when 'good cause' is shown and the court grants leave to modify.").

*State ex rel. Pritt v. Vickers*, 214 W.Va. 221, 226-227, 588 S.E.2d 210, 215-216 (2003).

---

[2]Dr. Miele treated petitioner for a prior back injury.

[3]In her brief before this Court, petitioner refers to this motion as one "to have discovery closed[.]" The mischaracterization is significant.

We discern no "good cause" that should have prompted the circuit court to modify its scheduling order. Petitioner was represented by counsel through an objectively sufficient period of discovery. There is no evidence that counsel was not effective during that time, and the record before us reflects that counsel withdrew only after discovery concluded.[4] Therefore, petitioner had an adequate opportunity to conduct meaningful discovery.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[4]After petitioner retained a second attorney, the trial court at her request continued the trial, set according to the scheduling order for January 16, 2012, until April 23, 2012.