**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**


**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-0821** (Cabell County 14-F-70)

**Michael A.,**
**Defendant Below, Petitioner**

**FILED**

**November 19, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA


**MEMORANDUM DECISION**

The petitioner, Michael A.,[1] by counsel, Connor D. Robertson, appeals the August 24, 2018, final order of the Circuit Court of Cabell County revoking his probation and imposing his original sentence of five to fifteen years in prison for his conviction by *Kennedy* plea[2] to the felony offense of incest. The respondent, State of West Virginia, by counsel, Benjamin F. Yancey, III, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs, oral arguments, and the appendix record on appeal. Upon review of the applicable authorities, this Court finds that the circuit court erred by failing to afford the petitioner a final evidentiary probation revocation hearing. Accordingly, we must vacate the circuit court's final order and remand this case for a new hearing. Because our decision is dictated by well-settled law, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is, therefore, appropriate for disposition by memorandum decision.

On August 7, 2017, the petitioner entered a *Kennedy* plea of guilty to the felony offense of incest. Thereafter, the petitioner was sentenced to not less than five and no more than fifteen years in the penitentiary for his conviction. However, the circuit court suspended the petitioner's sentence and placed him on probation for a period of five years

---

[1] In cases involving sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W.Va. R. App. Proc. 40(e); *see also State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] *See Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

1

with a special condition of home confinement. The circuit court also ordered the petitioner to serve a period of fifty years of supervised release upon the expiration of the sentence being served on probation.

On April 25, 2018, the petitioner's probation officer observed that the petitioner's girlfriend, J.H., had a black eye. J.H. also had a black eye two months earlier, and the probation officer suspected that the petitioner had caused her injuries. However, when the probation officer confronted the petitioner, he denied striking his girlfriend. The probation officer then told the petitioner that he was putting him in jail for five days so he would have time to "think" about whether he was going to be honest about hitting J.H.[3] According to the probation officer, he told the petitioner that if he was honest, he would continue to work with him. Otherwise, he would schedule a polygraph[4] and if the results indicated the petitioner was lying, then he would take action to have the petitioner's probation revoked. Two days later, while incarcerated, the petitioner admitted to his probation officer that he hit J.H and caused her black eye.

Upon receiving the petitioner's admission, the probation officer contacted the petitioner's sex offender counselor at Daysprings Counseling Services and informed him that the petitioner was incarcerated and had admitted to striking his girlfriend. The probation officer was then told by the counselor that the petitioner was being discharged from the Daysprings program because he had struck J.H. and because of "his overall attitude and lack of progress in treatment." The petitioner's counselor stated that the petitioner's actions toward J.H. showed his "lack of motivation for change." The counselor also reported that the petitioner had not fully assumed responsibility for his actions that led to his conviction and had actually "blame[d] his victim for taking advantage of him when he was drunk."

Because the petitioner was discharged from the Daysprings program, the probation officer could not release the petitioner from incarceration. West Virginia Code § 62-12-2 (2006) requires sex offender counseling for a person convicted of a sexual offense as a condition of release on probation. Accordingly, the State filed a motion to revoke the petitioner's probation on May 1, 2018.[5]

---

[3] The petitioner has not challenged his probation officer's authority to place him in jail under these circumstances.

[4] The petitioner was required to submit to polygraph examinations as a condition of his probation. *See* W.Va. Code § 62-11D-2 (2006).

[5] The petition to revoke the petitioner's probation alleged that he violated seven conditions of his probation. In particular, the State alleged that the petitioner violated the law by striking J.H.; lied to his probation officer when he initially denied striking J.H.; was

On May 14, 2018, the petitioner appeared before the circuit court for a preliminary hearing on the motion to revoke his probation. The probation officer testified about the circumstances that led to the petitioner's incarceration and the motion to revoke his probation. The probation officer explained that it had been his intention to release the petitioner from jail after five days regardless of whether he admitted to striking his girlfriend. The probation officer stated that he planned to enroll the petitioner in a batterer's intervention program after he admitted to striking J.H. However, the probation officer was unable to release the petitioner from incarceration because he was discharged from his sex offender counseling program. Based on the probation officer's testimony, the circuit court found probable cause to revoke the petitioner's probation. Accordingly, a final probation revocation hearing was scheduled.

Prior to his final probation revocation hearing, the petitioner filed a motion to suppress his statement to his probation officer about hitting his girlfriend. The petitioner claimed his admission was coerced by his probation officer's "false promise" to release him from incarceration. The petitioner also filed an alternative motion for enrollment in a new sex offender treatment program because his probation officer testified at the preliminary hearing that he would not have sought to revoke the petitioner's probation if he had not been discharged from the Daysprings program. In its response, the State argued that the petitioner's admission was voluntary because the probation officer told the petitioner before he was placed in custody that he would be released from jail in five days regardless of whether he admitted to striking J.H. The State further asserted that the petitioner's discharge from the Daysprings program could not be remedied by a substitute counseling service.

On July 16, 2018, the petitioner appeared before the circuit court judge that sentenced him in 2017 for a final probation revocation hearing. The circuit court first considered the motion to suppress and asked the petitioner's counsel to summarize his argument for suppressing the petitioner's statement. The State then offered argument in response, and the petitioner's counsel gave a reply. Thereafter, the circuit court found the petitioner's statement to his probation officer was voluntary and immediately proceeded to revoke the petitioner's probation and impose his original sentence of five to fifteen years in prison. The petitioner was not permitted to put forth any evidence even though he indicated that he had witnesses waiting to testify and other documentary evidence to present to the court. In refusing to allow the petitioner to present his evidence, the court stated that it had reviewed the preliminary hearing testimony and was sufficiently familiar

---

discharged from his sex offender treatment program; failed to pay drug screen fees; failed to pay supervision fees; failed to pay community correction fees; and failed to pay the cost of his prosecution. The petitioner's probation officer testified during the preliminary hearing that he would not have sought to revoke the petitioner's probation solely because of his nonpayment of fees and costs.

with the facts and allegations. Upon entry of the order revoking his probation, the petitioner filed this appeal.

This Court has held that "[a] probation revocation may be reviewed either by a direct appeal or by a writ of habeas corpus." Syl. Pt. 1, *State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981).

> When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

The petitioner's primary assignment of error concerns the circuit court's refusal to allow him to present evidence at his final hearing on the State's motion to revoke his probation. In syllabus point nine of *State v. Louk*, 159 W.Va. 482, 223 S.E.2d 780 (1976), this Court held that "[a] person who is arrested for violating his conditions of probation is entitled to a preliminary and a final revocation hearing." With respect to the final revocation hearing, this Court described the proceeding as "more detailed . . . because the ultimate decision there is whether to revoke a probation rather than merely determining the existence of probable cause for revocation." *Id.* at 497, 223 S.E.2d at 790. To ensure that a person subject to probation revocation is afforded the requisite due process, this Court held in syllabus point twelve of *Louk* that

> [t]he final revocation proceeding required by the due process clause of the Fourteenth Amendment and necessitated by W.Va. Code, 62-12-10, As amended, must accord an accused with the following requisite minimal procedural protections: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing officer; (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revocation of probation.

4

*See also* W.Va. R. Crim. Proc. 32.1(a)(2).

In this case, the petitioner appeared before the circuit court on July 16, 2018, for a final probation revocation hearing but was denied the opportunity to be heard in person and to present witnesses and documentary evidence. As discussed above, the record shows that after the parties presented their arguments with regard to the petitioner's motion to suppress the statement he gave to his probation officer, the court ruled that the petitioner's statement was given voluntarily and immediately proceeded to find the evidence sufficient to revoke the petitioner's probation and impose his original sentence. Although the petitioner indicated that he had witnesses ready to testify, the court refused to allow the petitioner to be heard and present his evidence. Because the petitioner was clearly denied a final evidentiary probation revocation hearing in accordance with *Louk*, we must vacate the August 24, 2018, order of the circuit court and remand this case for a final evidentiary probation revocation hearing.[6]

Therefore, for the reasons set forth above, the final order of the Circuit Court of Cabell County entered on August 24, 2018, is vacated, and this case is remanded to the circuit court for a final probation revocation hearing in accordance with this decision.[7]

Vacated and remanded.

---

[6] The petitioner also asserted error because the circuit court denied his motion to suppress without allowing him to present testimony regarding the voluntariness of his statement to his probation officer. Upon remand, the circuit court should permit the petitioner to present his evidence in support of his motion to suppress at the final evidentiary probation revocation hearing. We note, however, that such statements are generally admissible. *See* Syl. Pt. 2, *Hughes v. Gwinn*, 170 W.Va. 87, 290 S.E.2d 5 (1982) ("Statements by a probationer, obtained by probation officers without first advising the probationer of his rights as prescribed under *Miranda*, are admissible in probation revocation proceedings.").

[7] At the conclusion of his brief, the petitioner requests "the special assignment of a neutral and detached circuit judge to preside over the hearing." Because this is a matter of judicial recusal and disqualification that is within the sole discretion of the Chief Justice of this Court, it is not properly before this Court and we decline to address it. *See State ex rel. Pritt v. Vickers*, 214 W.Va. 221, 222 n.1, 588 S.E.2d 210, 211 n.1 (2003); W.Va. Tr. Ct. R. 17.01 (outlining procedure for motions to disqualify presiding judge).

**ISSUED:**  November 19, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

6